UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| **MICHELLE TIENIBER and** | : | CIVIL ACTION |
| **ERIC TIENIBER (Wife/Husband)** | : | |
| 633 East Main Street | : | |
| Suite A5 | : | |
| Moorestown, NJ 08057 | : | |
| | : | CASE NO.: 1:22-cv-6141 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **STRYKER T-TOPS** | : | |
| 23197 Alcalde Drive | : | |
| Laguna Hills, CA 92653 | : | |
| and | : | |
| **PW MARINE OEM** | : | |
| 104 Pinnacle Way – Suite B | : | |
| Summerville, SC 29483 | : | |
| and | : | |
| **JKW HOLDINGS, LLC d/b/a** | : | |
| **PW MARINE OEM, LLC and** | : | |
| **STRYKER T-TOPS** | : | |
| 104 Pinnacle Way – Suite B | : | |
| Summerville, SC 29526 | : | |
| | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

_____

**COMPLAINT**

Plaintiffs, Michelle Tieniber and Eric Tieniber, by and through their attorney, Kevin M. Siegel, Esquire, hereby file this action against the above-named Defendants and in support hereof aver as follows:

**I.    PARTIES**

1. Plaintiff Michelle Tieniber is an adult individual and citizen and resident of the State of New Jersey and resides at 633 East Main Street, Suite A5, Moorestown, New Jersey, 08054.

2. Plaintiff Eric Tieniber is an adult individual and citizen and resident of the State of New Jersey and resides at 633 East Main Street, Suite A5, Moorestown, New Jersey, 08054.

1

3. Plaintiffs are married and were in a married relationship to each other at all times relevant to this lawsuit, including the date of the accident on which this suit is based.

4. Upon information and belief, Defendant Stryker T-Tops is a corporation formed in the State of California that maintains its principal place of business at 23197 Alcalde Drive, Laguna Hills, California, 92653. In the alternative, Defendant Stryker T-Tops is a fictitious name of one of the other Defendants in this lawsuit.

5. Upon information and belief, Defendant PW Marine OEM is a corporation formed in the State of South Carolina that maintains its principal place of business at 104 Pinnacle Way, Suite B, Summerville, South Carolina, 29483. In the alternative, Defendant PW Marine OEM is a fictitious name of one of the other Defendants in this lawsuit.

6. Upon information and belief, Defendant JKW Holdings, LLC is a corporation formed in the State of South Carolina that maintains its principal place of business at 104 Pinnacle Way, Suite B, Summerville, South Carolina, 29526. Defendant JKW Holdings, LLC may do business under one or more of these fictitious names: Stryker T-Tops; PW Marine OEM; and PW Marine OEM, LLC.

II. **JURISDICTION AND VENUE**

7. This Court has original jurisdiction pursuant to 28 U. S. C. § 1332 because the amount in controversy exceeds $ 75,000.00 and complete diversity of citizenship exists between the Plaintiffs and Defendants.

8. Venue is proper in this Court pursuant to 28 U. S. C. § 1391 because a substantial part of the acts or omissions giving rise to this lawsuit occurred in this jurisdiction, and all Defendants are deemed to reside here because they are subject to the court's personal jurisdiction with respect to this suit. The accident which is the subject of this suit occurred in this judicial district.

### III.     EVENTS GIVING RISE TO THE CAUSES OF ACTION

9.  Stryker T-Tops designs, manufactures and sells leaning posts for center console boats.

10. A leaning post is an elevated support with a cushioned seat that is located behind the helm. It often includes a back rest for improved stability.

11. A good leaning post is a crucial piece of equipment. It provides a stable platform to ride through waves. Its main purpose is to act as a safety measure in the event of rough waters. It is uncommon for boats not to have one installed.

12. In March 2022, Eric Tieniber purchased a leaning post for his boat from Stryker T-Tops using the company's website.

13. Specifically, he purchased the Anodized Aluminum Leaning Post (LP100-AN), which includes a cushioned seat and back rest.

14. The leaning post was delivered unassembled, and Mr. Tieniber had to assemble and install it himself.

15. Eric Tieniber has a degree in Commerce and Engineering, and is an engineer and mechanical contractor by trade.

16. Though fully knowledgeable about how to assemble and install the leaning post, prior to doing so Mr. Tieniber watched the "how to" video on the Stryker T-Tops website.

17. After watching the video, Mr. Tieniber assembled and installed the leaning post on his boat approximately 2-3 weeks before Memorial Day weekend.

18. Mr. Tieniber assembled and installed the leaning post as instructed by the Stryker T-Tops video, in particular making sure the last thing he did was tighten the set screws that held the back rest in place.

19. Mr. Tieniber used only the parts and materials supplied by Stryker T-Tops.

20. After installing the leaning post, Mr. Tieniber used the boat numerous times over several weeks alone and with passengers, all of whom sat and leaned back on the leaning post without incident.

21. After the date of installation, Mr. Tieniber twice checked and tightened the bolts and set screws after using the boat to make sure the back rest was securely fastened to the seat cushion.

22. In July 3, 2022, Michelle Tieniber accompanied Eric on the boat as a passenger, and while the boat was moving she sat and leaned back on the leaning post.

23. When the boat was going 12-15 miles per hour, the set screws holding the back rest to the seat cushion failed and the back rest gave way, sending Mrs. Tieniber falling backwards onto her head and shoulder.

24. Mrs. Tieniber was taken to the emergency room, where it was determined she dislocated her shoulder and fractured her left humerus.

25. As a result of these injuries, Mrs. Tieniber spent seven weeks in a sling; no longer has full range of motion; requires rehabilitative therapy twice a week; and is experiencing constant pain and suffering, including loss of consortium.

26. As a direct and proximate result of the aforesaid incident and Defendants' collective negligence, wrongful conduct, and violation of the New Jersey Product Liability Act, Mrs. Tieniber has suffered serious and permanent injuries and great damage, including, but not limited to, the following:

   a. Shoulder dislocation;
   b. Fractures in left humerus
   c. Shoulder injuries;
   d. Past physical pain and suffering;
   e. Future physical pain and suffering;
   f. Past mental anguish;
   g. Future mental anguish;
   h. Past severe emotional distress;
   i. Future severe emotional distress;
   j. Disfigurement;
   k. Embarrassment;
   l. Humiliation;
   m. Past loss of life's pleasures;
   n. Future loss of life's pleasures;
   o. Diminished quality of life;
   p. Past and future inability to engage in activities of daily living;
   q. Loss of household services;
   r. Past medical expenses;
   s. Future medical expenses;
   t. Past work loss;
   u. Future work loss and decreased earning capacity;

      v. Future medical expenses; and

      w. All damages as set forth in greater detail in Mrs. Tieniber's medical records.

27. The injuries/damages sustained by Mrs. Tieniber as set forth above resulted from the wrongful conduct of Defendants and were in no way due to any act or failure to act on the part of herself or Mr. Tieniber.

### IV.    THEORIES OF LIABILITY

**COUNT I**
**N.J.S.A.2A:58C-1 *et seq*. (Design Defect)**
**MICHELLE TIENIBER V. ALL DEFENDANTS**

28. Michelle Tieniber incorporates by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein.

29. Stryker T-Tops is a corporation or a fictitious name of one of the other Defendants.

30. Stryker T-Tops designed, manufactured and sold the Anodized Aluminum Leaning Post (LP100-AN) to Eric Tieniber.

31. Michelle Tieniber was a reasonably foreseeable user of the leaning post.

32. At all times the leaning post was in the possession and control of Stryker T-Tops, it was defective and, therefore, not reasonably fit, suitable or safe for its intended purpose.

33. The defect included the set screws and leaning post's aluminum alloy, which alone and in combination were insufficient to prevent the back rest from giving way when Michelle Tieniber leaned on it while the boat was going 12-15 miles per hour.

34. As a direct result of the set screws failing and back rest giving way, Michelle Tieniber dislocated her shoulder; fractured her left humorous; spent seven weeks in a sling; no longer has full range of motion; requires rehabilitative therapy twice a week; and is experiencing constant pain and suffering, including loss of consortium.

35. A technologically feasible and practical alternative design existed that would have reduced or prevented the leaning post's failure without substantially impairing the reasonably anticipated or intended function of the product.

36. The alternate design included the use of through bolts instead of set screws, and stainless steel instead of an aluminum alloy.

37. In its current form using set screws and an aluminum alloy, the leaning post's risk of failure outweighs its utility.

**WHEREFORE,** Plaintiff Michelle Tieniber demands judgment in her favor and against Defendants in an amount greater than $75,000, together with all available compensatory and punitive damages, lawful interest, fees and costs.

## COUNT II
### N.J.S.A.2A:58C-1 *et seq*. (Manufacturing Defect)
### MICHELLE TIENIBER V. ALL DEFENDANTS

38. Michelle Tieniber incorporates by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein.

39. In the event the Stryker T-Tops Anodized Aluminum Leaning Post (LP100-AN) does not suffer generally from a design defect, the specific leaning post sold to Eric Tieniber deviated from the design specifications, formulae, and/or performance standards for the LP100-AN leaning post or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

40. Because of this manufacturing defect, the LP100-AN sold to Eric Tieniber was not reasonably fit, suitable or safe for its intended purpose.

41. Because of this manufacturing defect, the leaning post's back rest gave way when Michelle Tieniber leaned on it while the boat was going 12-15 miles per hour.

42. As a direct result of the back rest giving way, Michelle Tieniber dislocated her shoulder; fractured her left humorous; spent seven weeks in a sling; no longer has full range of motion; requires

rehabilitative therapy twice a week; and is experiencing constant pain and suffering, including loss of consortium.

**WHEREFORE** Plaintiff Michelle Tieniber demands judgment in her favor and against Defendants in an amount greater than $75,000, together with all available compensatory and punitive damages, lawful interest, fees and costs.

**COUNT III**
**N.J.S.A.2A:58C-1** *et seq*. **(Failure to Warn)**
**MICHELLE TIENIBER V. ALL DEFENDANTS**

43. Michelle Tieniber incorporates by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein.

44. A reasonably prudent company in the same or similar circumstances as Stryker T-Tops would have provided a warning that its use of set screws and anodized aluminum instead of through bolts and stainless steel increased the likelihood that the LP100-AN back rest could fail.

45. The failure to provide such a warning rendered the LP100-AN not reasonably fit, suitable or safe for its intended purpose

46. The failure to provide the warning prevented Mrs. Tieniber from making an informed decision about whether to use the LP100-AN leaning post.

47. As a direct result of the failure to warn and back rest giving way, Michelle Tieniber dislocated her shoulder; fractured her left humorous; spent seven weeks in a sling; no longer has full range of motion; requires rehabilitative therapy twice a week; and is experiencing constant pain and suffering, including loss of consortium.

**WHEREFORE** Plaintiff Michelle Tieniber demands judgment in her favor and against Defendants in an amount greater than $75,000, together with all available compensatory and punitive damages, lawful interest, fees and costs.

## COUNT IV – PER QUOD
## ERIC TIENIBER V. ALL DEFENDANTS

48.     Eric Tieniber incorporates by reference the averments of the preceding paragraphs of the Complaint as if fully set forth herein.

49.     Eric and Michelle Tieniber are husband and wife and have been for some time and specifically on all dates relevant to this lawsuit.

50.     By reason of the aforesaid and as a direct result of Stryker T-Tops' acts and omissions giving rise to this lawsuit, Mr. Tieniber has been deprived of the companionship, services, comfort and consortium of Mrs. Tieniber, all to his great detriment and loss.  Mr. Tieniber suffered and will continue to suffer for an indefinite time in the future, loss of services, society, security, companionship and consortium of Mrs. Tieniber.

**WHEREFORE**, Plaintiff Eric Tieniber demands judgment in his favor and against Defendants for such sums as would reasonably compensate him for his damages, in accordance with the laws of the State of New Jersey, together with interest, attorney's fees and costs and such other further relief as this Court may deem appropriate.

Respectfully submitted,

**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre
10,000 Lincoln Drive East – Suite 201
Marlton, NJ 08053
PHONE   (856) 988-5520
FAX        (856) 504-0140
EMAIL    Kevin@KMSLawGroup.com

Date:   October 18, 2022          By:      _/s/ Kevin M. Siegel_
                                           KEVIN M. SIEGEL, ESQUIRE